# CIRCUIT COURT OF BALTIMORE CITY

Filed January 8, 1894.

L. SCOTT CARSNELL
VS.
ISAAC M. CATE.

*D. E. Munroe* for plaintiff.

*Benzinger & Calwell* for defendant.

DENNIS, J.—

The plaintiff's lot, situate in Homestead, is bounded on the north by Washington street, on the east by Taylor street, on the south by Gorsuch avenue, and on the west by a lot belonging to ——— Carsnell. All these streets are conceded to be public highways.

Some time prior to the bringing of this suit, the defendant erected a fence across Washington street, at a point about 190 feet from the west line of the plaintiff's property, thus shutting the plaintiff off from access to Adams street (which is the first street west of Taylor street), by way of Washington street, but obstructing the access to his lot in no other way.

The bill is filed to compel the removal of this fence, on the ground that it amounts to a nuisance, the maintenance of which works irreparable damage to the plaintiff's property.

It is fundamental doctrine that the obstruction of a public highway is a public and not a private nuisance, the remedy for which must be at the instance of the public by way of indictment; and a private individual can maintain no action in regard to it, unless he has sustained some *special* damage, differing *in kind* from that sustained by the general public. If he has sustained such special damage, he may maintain an action at law for its redress, and if the injury is likely to be irreparable, a Court of equity

will interfere by injunction to restrain the continuance of the nuisance.

The mere diminution in the value of the land, caused by the nuisance, does not constitute irreparable damage, for full compensation can be given for that in an action at law; the injury must be one which goes to the destruction of the property in the character in which it existed, before equity will interfere by injunction.

Repeated decisions in this State have determined that the mere obstruction of a right of access to property does not constitute irreparable damage, provided any other reasonable and convenient access is left; but is merely a trespass for which compensation must be sought at law. White vs. Flanigan, 1 Md. 543; Roman vs. Straus, 10 Md. 96; B. & O. R. R. vs. Straus, 37 Md. 238; Delashmutt vs. Warner, 59 Md. 253.

The destruction of the plaintiff's right of way next to Adams street over Washington street is the only injury complained of in this case; he has the full use of Washington street along the entire north line of his property, and as far west as the fence, while the access to Taylor street on the east line, and to Gorsuch avenue on the south line, is wholly unaffected by the obstruction; and the only damages he has attempted to show is a diminution in the value of the property caused by his inability to reach Adams street over Washington street. Under the authorities above cited, this injury is fully susceptible of compensation by an action at law and furnishes no ground for the interference of a Court of equity.